UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN ADMIRALTY

IN THE MATTER OF THE COMPLAINT
OF AMI PROFESSIONAL GROUP, INC.
d/b/a ANNA MARIA ISLAND DOLPHIN
TOURS FOR EXONERATION FROM OR
LIMITATION OF LIABILITY AS OWNER
OF THE SALTY DOLPHIN III, 2018
CAROLINA SKIFF, HULL IDENTIFICATION
NUMBER – EKHM0711E818,

    Petitioner/Counter-Respondent,

v.                                                    Case No. 8:21-cv-1866-TPB-AAS

DELORIS HENSON,

    Claimant/Third-Party Plaintiff,

v.

JOSEPH EUGENE SWEET and
JOSEPH J. CURLEY,

    Third-Party Respondents/
    Third-Party Defendants.
_____/

**ORDER GRANTING "THIRD-PARTY DEFENDANT,
JOSEPH J. CURLEY'S, MOTION TO DISMISS COUNT V
OF DELORIS HENSON'S AMENDED CLAIMS"**

This matter is before the Court on "Third-Party Defendant, Joseph J. Curley's,

Motion to Dismiss Count V of Deloris Henson's Amended Claims [D.E.16] and

Incorporated Memorandum of Law," filed on October 4, 2021. (Doc. 21). On November

11, 2021, Claimant/Third-Party Plaintiff Deloris Henson filed a response in opposition

to the motion. (Doc. 26). Upon review of the motion, response, court file, and record, the Court finds as follows:

## Background

On August 7, 2020, Claimant Deloris Henson was a passenger on the vessel Salty Dolphin III on the intercoastal waterway near Sister Keys/Longboat Key, Florida. Limitation Petitioner AMI Professional Group Inc. d/b/a Anna Maria Island Dolphin Tour owned and operated the vessel. According to Henson, she was injured during a sightseeing tour when Third-Party Defendant Joseph Curley negligently operated a separate vessel (Cruising Cs) at a speed that created large waves and caused her to be thrown onto the deck of the Salty Dolphin III. This incident occurred in navigable waters.

Petitioner, as the titled owner of the vessel, initiated this action for exoneration from or for limitation of liability for all claims arising out of the incident. Henson filed a seven-count amended F(5) claim, asserting claims of negligence against AMI, Joseph Curley, and Joseph Sweet (the captain of the Salty Dolphin III). She specifically alleges negligence (Count IV) and violation § 327.32, *F.S.* (Count V) against Curley.

## Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). "Although Rule 8(a) does not require 'detailed factual allegations,' it does require 'more than labels and conclusions'; a 'formulaic recitation of the cause of action will not do.'" *Young v. Lexington Ins. Co.*, No. 18-62468, 2018 WL 7572240, at *1 (S.D. Fla. Dec. 6, 2018), *report and recommendation adopted*, No. 18-62468-CIV, 2019 WL

1112274 (S.D. Fla. Jan. 9, 2019) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).  In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim for relief that is plausible on its face." *Twombly,* 550 U.S. at 555.

When deciding a Rule 12(b)(6) motion, the court's scope of review is limited to the four corners of the complaint.  *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002).  However, a document attached to the pleading as an exhibit may be considered if it is central to the plaintiff's claim and the authenticity of the document is not challenged. *See Brooks v. Blue Cross & Blue Shield*, 116 F.3d 1364, 1369 (11th Cir. 1997) ("where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal"). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).  "[A] motion to dismiss should concern only the complaint's legal sufficiency and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, No. 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

## Analysis

Third-Party Defendant Curley argues that Count V must be dismissed because § 327.32, *F.S.* imposes a higher standard of care than allowed under general maritime

law. Henson contends that the standard of care imposed under the statute does not conflict with general maritime law, so the heightened standard of care may be applied.

Federal maritime law applies to this action. *See, e.g., Kuhl*, No. 21-cv-60408, 2021 WL 3270084, at *3 (S.D. Fla. July 30, 2021); *Matter of Rogers*, No. 4:18-cv-10012-JLK, 2018 WL 11229132, at *2 (S.D. Fla. Sept. 18, 2018). As such, "the proper standard of care is that of general maritime law, rather than the higher standard of care imposed by Florida Statute § 327.32." *See id*. The motion to dismiss is granted, and Count V is dismissed without prejudice.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Third-Party Defendant, Joseph J. Curley's, Motion to Dismiss Count V of Deloris Henson's Amended Claims [D.E.16] and Incorporated Memorandum of Law" (Doc. 21) is hereby **GRANTED**.

2. Count V of the amended F(5) claim (Doc. 16) is **DISMISSED WITHOUT PREJUDICE**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 10th day of December, 2021.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**