## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**IN THE MATTER OF:**

          **Case No.: 8:21-cv-1866-TPB-AAS**

**THE COMPLAINT OF AMI
PROFESSIONAL GROUP, INC.
d/b/a ANNA MARIA ISLAND
DOLPHIN TOURS, FOR
EXONERATION FROM OR
LIMITATION OF LIABILITY AS
OWNER OF THE SALTY
DOLPHIN III, 2018 CAROLINA
SKIFF (HULL ID: EKHM0711E818),**
_____/

## REPORT AND RECOMMENDATION

Petitioner Joseph Curley, owner of a 2017 Regal Boats 46' Cruiser Vessel (HULL ID: No. RGMKE101E617) (the vessel), under Fed. R. Civ. P. 55 and Supplemental Rule F, moves for entry of a default judgment under Federal Rule of Civil Procedure 55(b) against all potential claimants who failed to file claims or answers by the Monition deadline of January 7, 2022. (Doc. 47). The undersigned **RECOMMENDS** Mr. Curley's motion be **GRANTED**.

## I.    BACKGROUND

In a since-consolidated case, *Curley v. Unknown Claimants*, No. 8:21-cv-2433-TPB-SPF (hereafter, the Curley Case), Petitioner initiated this proceeding under 46 U.S.C. §§ 30501, *et seq.*, and Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, claiming

1

the right to exoneration from or limitation of liability for an incident involving the vessel on August 7, 2020. (Curley Case, Doc. 1). Petitioner seeks exoneration under Supplemental Rule F(2) and the benefit of limitation of liability in 46 U.S.C. § 30501, *et seq*. (*Id*.). A series of November 24, 2021 orders approved Petitioner's Ad Interim Stipulation, directed the Issuance of Monition and Notice, and stayed all actions or proceedings against Petitioner arising out of the August 7, 2020 incident until final determination. (Curley Case, Docs. 14, 15, 16). The court required that the Notice of Monition be published under Supplemental Rule F, and that Petitioner mail, by the day of the second publication, a copy of the Notice to every person known to have made any claim against Petitioner or the vessel arising out the incident described in the complaint. (Curley Case, Doc. 16).

Petitioner made the required mailings and public notice under Rule F of the Supplemental Rules and Local Admiralty Rule 7.06. (*See* Doc. 38). On January 6, 2022, Deloris Henson responded to Petitioner's complaint. (Curley Case, Doc. 13). On February 28, 2022, AMI Professional Group, Inc. (AMI) responded to Petitioner's complaint.[1] (Curley Case, Doc. 35). Ms. Henson and AMI are the only claimants to have submitted a claim before the deadline. A

---

[1] Though the deadline for filing a claim in response to Petitioner's complaint was January 7, 2022 (Curley Case, Doc. 16, p. 3), Petitioner does not contest AMI's status as a proper claimant. (Doc. 39, p. 2 n. 1).

March 1, 2022 order consolidated the Curley Case with the underlying case. (Doc. 36).

The Clerk entered default against all non-appearing parties on April 20, 2022. (Doc. 43). Since the entry of the Clerk's default, no other parties, or potential claimants have filed a claim. Petitioner now requests default judgment against any potential claimants who failed to file claims or answers by the Monition deadline of January 7, 2022. (Doc. 47).

## II.   DISCUSSION

"In an action to exonerate or limit liability from claims arising out of maritime accidents, the Supplemental Rules set forth strict deadlines for providing notice to potential claimants and filing claims." *In re Newport Freedog, LLC*, No. 8:18-cv-647-23-AEP, 2018 WL 3687986, at *2 (M.D. Fla July 16, 2018), *report and recommendation adopted sub nom. Newport Freedog, LLC v. Pepin*, 2018 WL 3656475 (M.D. Fla. Aug. 2, 2018). Supplemental Rule F(4) states:

> [T]he court shall issue a notice to all persons asserting claims with respect to which the complaint seeks limitation, admonishing them to file their respective claims with the clerk of the court and to serve on the attorneys for the plaintiff a copy thereof on or before a date to be named in the notice. The date so fixed shall not be less than 30 days after issuance of the notice. For cause shown, the court may enlarge the time within which claims may be filed. The notice shall be published in such newspaper or newspapers as the court may direct once a week for four successive weeks prior to the date fixed for the filing of claims. The plaintiff not later than the day of second publication shall also mail a copy of the notice to

> every person known to have made any claim against the vessel or
> the plaintiff arising out of the voyage or trip on which the claims
> sought to be limited arose.

Fed. R. Civ. P. Supp. F(4). Once that notice has been given, all claims "shall be filed and served on or before the date specified in the notice provided." Fed. R. Civ. P. Supp. F(5). "If a claimant desires to contest either the right to exoneration from or the right to limitation of liability, the claimant shall file and serve an answer to the complaint, unless the claim included an answer." *Id.*

In actions arising under Supplemental Rule F, default judgment will be entered against any potential claimant who failed to respond to a public notice of a complaint for exoneration from or limitation of liability within the established notice period when the petitioner fulfilled their "'obligation to publish notice of the limitation proceeding . . . the Notice expressly and clearly stated the deadline for filing a claim and/or answer . . . and [the notice stated] that a consequence of failing to file a timely claim and/or answer was default and being forever barred from filing a claim and/or answer.'" *In re: Ruth*, No. 8:15-cv-2895-SDM-TBM, 2016 WL 4708021, at *2 (M.D. Fla. Aug. 23, 2016), *report and recommendation adopted sub nom. In re 37' 2000 Intrepid Powerboat*, No. 8:15-cv-2895-SDM-TBM, 2016 WL 4667385 (M.D. Fla. Sept. 7, 2016) (quoting *In re Petition of Holliday*, No. 6:14-cv-1709-JA-DAB, 2015 WL 3404469, at *3 (May 26, 2015)); *see also In re Reef Innovations, Inc.*, No. 6:11-

cv-1703-GAP-GJK, 2012 WL195531, at *2 (M.D. Fla. Jan. 6, 2012), *report and recommendation adopted sub nom. In Matter of Reef Innovations, Inc. v. Triplett*, 2012 WL 177558 (M.D. Fla. Jan. 23, 2012).

Petitioner fulfilled its obligations, and default judgment is warranted. Petitioner made the required mailings and public notice under Rule F of the Supplemental Rules and Local Admiralty Rule 7.06. (*See* Doc. 12). A Clerk's default has been entered against unknown claimants. (Doc. 25). Default judgment against non-appearing potentials claimants is appropriate.

## III.   CONCLUSION

Accordingly, it is **RECOMMENDED**:

1.   Petitioner's Motion for Entry of Default Judgment of Exoneration Against All Non-Appearing Potential Claimants (Doc. 47) be **GRANTED**.

2.   A Judgment of Exoneration by Default be entered against all parties and claimants having an interest in this matter as well as any other potential claims, other than the claims filed by Claimant Carney in this proceeding, under Fed. R. Civ. P. 55 and Supplemental Rule F(5), for failure to timely file a claim or answer.

3.   Petitioner be exonerated from any responsibility, loss, damage, or injury from all claims arising out of the Incident involving the vessel on August 7, 2020, except for the claims timely filed by

Claimants AMI and Ms. Henson.

**ENTERED** in Tampa, Florida on May 24, 2022.

_Amanda Arnold Sansone_
AMANDA ARNOLD SANSONE
United States Magistrate Judge

## NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely in accordance with 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.