UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN THE MATTER OF:

Case No.:   8:21-cv-1866-TPB-MRM

THE COMPLAINT OF AMI
PROFESSIONAL GROUP, INC.
d/b/a ANNA MARIA ISLAND
DOLPHIN TOURS, FOR
EXONERATION FROM OR
LIMITATION OF LIABILITY AS
OWNER OF THE SALTY
DOLPHIN III, 2018 CAROLINA
SKIFF (HULL ID: EKHM0711E818),
_____/

## REPORT AND RECOMMENDATION

Before the Court is AMI Professional Group, Inc.'s Motion for Entry of Default Judgment Against All Non-Claimants, filed on August 10, 2022. (Doc. 62). Petitioner AMI Professional Group, Inc. d/b/a Anna Maria Island Dolphin Tours, as owner of the "Salty Dolphin III" a 2018 Carolina Skiff bearing Hull Identification Number EKHM0711E818, (hereinafter referred to as the "Vessel"), requests that the Court enter final default judgment against any potential claimant who has failed to file a claim in this action. (*See generally id.*). Because the Undersigned finds that the required notice has been provided and the time for filing a claim in this action has expired, the Undersigned respectfully recommends that Petitioner's motion be **GRANTED**.

## BACKGROUND

Pursuant to Rule F, Supplemental Rules for Admiralty or Maritime Claims, Petitioner filed this action on August 4, 2021, to limit liability arising out of an incident involving the Vessel, alleged to have occurred on or about August 7, 2020. (*See* Doc. 1). On August 9, 2021, the Court entered a Monition that, *inter alia*, directed potential claimants to appear and respond to this action on or before October 4, 2021. (Doc. 9 at 3).

In accordance with Supplemental Rule F(4), Section 6(a) of the Middle District of Florida Admiralty and Maritime Practice Manual, and this Court's August 9, 2021 Order, Petitioners caused the Order Approving Ad Interim Stipulation, Monition, and Injunction to be published in the Herald-Tribune, a daily newspaper published in the city of Sarasota found within general circulation in Sarasota County, Manatee County, and Charlotte County, Florida, on August 27, September 3, 10, and 17, 2021. (Doc. 55 at 8-10). Additionally, in accordance with Supplemental Rule F(4), Section 6(a) of the Middle District of Florida Admiralty and Maritime Practice Manual, and this Court's August 9, 2021 Order, Petitioner served a notice of this action on all persons and entities known by Petitioner to have a potential claim. (Doc. 55 at 4).

On August 27, 2021, Deloris Henson responded to Petitioner's complaint. (Docs. 12, 13). Additionally, on October 4, 2021, Joseph Curley responded to Petitioner's complaint. (Doc. 22). Ms. Henson and Mr. Curley are the only claimants to have submitted a claim before the deadline. On March 2, 2022 the

Court consolidated a separate proceeding initiated by Mr. Curley with the underlying case. (*See* Doc. 36).

On June 14, 2022, Petitioner filed AMI Professional Group, Inc.'s Amended Motion for Entry of Default, which the Court construed as a request for the entry of a clerk's default against any individual who failed to timely bring a claim in this action. (Doc. 55). This Court entered an Order granting the motion. (*See* Docs. 56, 60). This Court found that Petitioner complied with the notice requirements pursuant to Supplemental Rule F(4), Section 6(a) of the Middle District of Florida Admiralty and Maritime Practice Manual, and this Court's August 9, 2021 Order. (*Id.*). The Court also ordered Petitioner to file a motion for default judgment against all persons and entities that have not filed a claim in this action in accordance with the Court's Local Rules. (Doc. 60 at 3). On July 8, 2022, the Clerk of Court entered a clerk's default against all potential claimants. (Doc. 61). Subsequently, Petitioner filed the instant motion. (Doc. 62).

Because Petitioner has complied with this Court's Orders, the applicable provisions of Supplemental Rule F, and Chapter Six of the Middle District of Florida Admiralty and Maritime Practice Manual, the Undersigned finds good cause to grant Petitioner's request.

## LEGAL STANDARD

Federal Rule of Civil Procedure 55 "sets out a two-step procedure for obtaining a final default judgment." *In re Complaint of Wild Fla. Airboats, LLC*, No.: 6:16-cv-2207-Orl-31GJK, 2017 WL 3891777, at *2 (M.D. Fla. Aug. 29, 2017) (citing

3

Fed. R. Civ. P. 55). First, when a party fails to plead or otherwise defend a judgment for affirmative relief, the clerk of the court must enter a default against the party against whom the judgment was sought. Fed. R. Civ. P. 55(a). Second, if the plaintiff's claim is for a sum certain or an ascertainable sum, then the clerk, upon the plaintiff's request and upon an affidavit of the amount due, must enter a judgment by default. Fed. R. Civ. P. 55(b)(1). In all other cases, the party entitled to judgment must apply to the district court for a default judgment. Fed. R. Civ. P. 55(b)(2). This Court has consistently applied the same two-step procedure in cases under the Limitation of Liability Act." *See Wild Fla. Airboats*, 2017 WL 3891777, at *2 (internal citation omitted). Supplemental Rule F(5) for Admiralty or Maritime Claims and Asset Forfeiture Actions provides:

> Claims and Answer. Claims shall be filed and served on or before the date specified in the notice provided for in subdivision (4) of this rule. . . . If a claimant desires to contest either the right to exoneration from or the right to limitation of liability the claimant shall file and serve an answer to the complaint unless the claim has included an answer.

Supp. Rule F(5).

Supplemental Rule F(4) states:

> [T]he court shall issue a notice to all persons asserting claims with respect to which the complaint seeks limitation, admonishing them to file their respective claims with the clerk of the court and to serve on the attorneys for the plaintiff a copy thereof on or before a date to be named in the notice. The date so fixed shall not be less than [thirty] days after issuance of the notice. . . . The notice shall be published in such newspaper or newspapers as the court may direct once a week for four consecutive weeks prior to

> the date fixed for the filing of claims. The plaintiff not later than the day of second publication shall also mail a copy of the notice to every person known to have made any claim against the vessel or the plaintiff arising out of the voyage or trip on which the claims sought to be limited arose.

Supp. Rule F(4).

Based on the foregoing rules, default judgment will be entered against any potential claimant who has failed to respond to a notice of a complaint for exoneration from or limitation of liability within the established notice period, provided that the notice complies with the rules. *See* Supp. Rule F(4); *see also In the Matter of Reef Innovations, Inc.*, No. 6:11-cv-1703-Orl-31GJK, 2012 WL 195531, at *2 (M.D. Fla. Jan. 6, 2012), *report and recommendation adopted,* 2012 WL 177558 (M.D. Fla. Jan. 23, 2012) (noting that a party seeking a default judgment on a exoneration from or limitation of liability action must first publish a notice of the action in a newspaper for four consecutive weeks).

## ANALYSIS

Here, the Undersigned finds that Petitioner has fulfilled the requirements under the rules. *See* Supp. Rule F(4). The record shows that Petitioner (1) caused the Order Approving Ad Interim Stipulation, Monition, and Injunction to be published in the Herald-Tribune, a daily newspaper published in the city of Sarasota found within general circulation in Sarasota County, Manatee County, and Charlotte County, Florida, on August 27, September 3, 10, and 17, 2021, (*see* Doc. 55 at 8-10), and (2) provided the known potential claimants, with notice of this action, (*see* Doc. 55 at 4).

5

The approved notice states that the deadline for filing a claim and answer was October 4, 2021, and that the failure to file a claim would result in being defaulted. (*See* Doc. 11 at 2).  The October 4, 2021 deadline has passed, and only Deloris Henson and Joseph Curley have filed claims in this case.  (*See* Docs. 12, 13, 22).

## CONCLUSION

Accordingly, the Undersigned **RESPECTFULLY RECOMMENDS** that:

1. AMI Professional Group, Inc.'s Motion for Entry of Default Judgment Against All Non-Claimants (Doc. 62) be **GRANTED**; and

2. Default Judgment be entered against all persons and entities that have not filed a claim in this action by the October 4, 2021 deadline.

**RESPECTFULLY RECOMMENDED** in Tampa, Florida on August 30, 2022.

Mac R. McCoy
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen days from the date the party is served a copy of this Report and Recommendation to file written objections to the Report and Recommendation's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C).  A party's failure to file written objections waives that party's right to challenge on

6

appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. A party wishing to respond to an objection may do so in writing fourteen days from the date the party is served a copy of the objection. To expedite resolution, the parties may also file a joint notice waiving the fourteen-day objection period.

Copies furnished to:

Counsel of Record
Unrepresented Parties